## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY A. DAMON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:19-985** |
| **v.** | : | **(JUDGE MANNION)** |
| **CAMSAN, INC.,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

### I.  BACKGROUND

Pending before the court is the report and recommendation, (Doc. 14), of Judge Karoline Mehalchick recommending that the second amended complaint ("SAC"), (Doc. 11), filed by *pro se* plaintiff Jeffrey A. Damon,[1] be dismissed with prejudice. Judge Mehalchick granted plaintiff's motions to proceed *in forma pauperis.* (Docs. 2, 4, 7). The judge also directed plaintiff

---

[1] Damon filed seven other cases in addition to the instant one. Judge Mehalchick has issued reports in all of plaintiff's cases recommending that they be dismissed for failure to state cognizable claims. *See* Civil Nos. 19-979, 19-986, 19-987, 19-1126, 19-1127, 19-1128 & 19-1129. Damon is forewarned that if he continues to file cases that fail to state a valid claim and seeks to proceed *in forma pauperis*, the court will issue an order directing him to show cause why he should not be subjected to a pre-filing injunction in this court that "prevents him from filing any new civil non-habeas cases on an *in forma pauperis* basis." *See* <u>Brett v. Moller</u>, 2019 WL 5540455 (E.D.Pa. Oct. 24, 2019).

to file two amended complaints, after finding deficiencies with his original and amended complaints, and then screened plaintiff's SAC under 28 U.S.C. §1915.[2] The judge found that the SAC should be dismissed for failure to state a proper claim under Fed.R.Civ.P. 8(a) despite her Orders directing plaintiff to amend his pleadings to properly state a claim.[3] *See* Brett, 2019 WL 5540455, *4 ("a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.") (citation omitted).

The court has reviewed plaintiff's SAC and finds that the report correctly concludes that plaintiff fails to state an actionable claim under Title VII of the Civil Rights Act of 1964 alleging employment discrimination for failure to hire. (Doc. 14 at 2-3, 6). The court will not rehash the report's sound reasoning.

---

[2]Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002).

[3]Since Judge Mehalchick states the correct pleading standard and the correct standard regarding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), they will not be repeated. "Whether a complaint fails to state a claim under §1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Brett v. Moller, 2019 WL 5540455, *4 (E.D.Pa. Oct. 24, 2019).

To date, the plaintiff has not filed objections to the report and recommendation and the time within which they were due has expired.[4]

After having reviewed the record, the court will **ADOPT** the report and recommendation. The plaintiff's SAC will be **DISMISSED WITH PREJUDICE** since the court finds futility in allowing the plaintiff a third opportunity to file a proper pleading. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ( "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Further, this case will be **CLOSED**.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

---

[4]On April 20, 2020, Damon filed in several of his pending cases a letter to the court indicating that he received the court's correspondence (clearly referring to the reports based on their dates) and, he alleges that someone entered his home and tampered with his hand-written documents that "may be related to [his] cases." Damon states that he was almost ready to mail out his documents to the "State of Connecticut Dep[t]. of Banking." He also alleges that his mail was tampered with and he fears what will happen if the information in his missing documents "gets out to the wrong people." Damon states that he has notified the police and he asks the court for federal protection until his cases are finished. (Doc. 15).

The court does not consider Damon's letter to be objections to the instant report, or to the reports filed in any of his other seven cases, as it does not address any of the reasons why the judge finds that his cases should be dismissed.

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III.   CONCLUSION

Based on the foregoing, the report and recommendation of Judge Mehalchick, (Doc. 14), is **ADOPTED IN ITS ENTIRETY**, and plaintiff's second amended complaint, (Doc. 11), is **DISMISSED WITH PREJUDICE**. The plaintiff's case will be **CLOSED**.

A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 12, 2020**
19-985-01